**McGuireWoods**

**McGuireWoods LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Phone: 804.775.1000
Fax: 804.775.1061
www.mcguirewoods.com

**Matthew A. Fitzgerald**
Direct: 804.775.4716
mfitzgerald@mcguirewoods.com
Fax: 804.698.2251

November 15, 2023

Molly C. Dwyer, Clerk
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

Re: *Mosley, et al. v. Wells Fargo & Co. et al.*, No. 23-55478

Dear Ms. Dwyer:

Appellee Wells Fargo submits this letter under Rule 28(j) to keep the Court apprised of the ongoing arbitration proceedings.

Given that there is no underlying stay, the Process Arbitrator has moved forward with enforcing the PA Order addressed in this appeal. *See* Ans. Br. 13 (outlining deadlines in the summer of 2023 for compliance with the PA Order).

As it turns out, only a small fraction of the thousands of claimants apparently can comply with the PA Order. Of the nearly 4,000 claimants, their counsel has asserted that only 432 meet the minimal pleading-type standard set in the PA Order. That is, only one in nine claimants was able to provide, as the Process Arbitrator required, a Wells Fargo account number, confirmation of enrollment in the relevant overdraft service required to give rise to the underlying claim, and being charged an overdraft fee in connection with Regulation E. Meanwhile, more than 1,600 have admitted they do "not qualify." The status of the rest remains uncertain.

At this point, it appears that most of the claimants never had a Regulation E claim against Wells Fargo, or at least that a year later, claimants' counsel still lacks the basic information needed to bring their claims. Yet claimants' counsel filed arbitration demands on behalf of each of them, seeking to trigger millions of dollars in filing fees for Wells Fargo.

November 15, 2023
Page 2

On November 10, 2023, the Process Arbitrator issued an order (Exh. 1). The order allows the "compliant" claimants to proceed forward once their counsel signs under California Code of Civ. Proc. § 128.7. Exh. 1, at 1. (The four plaintiff-appellants in this case qualified to proceed). The November 10 order also dismisses the thousands of other claimants without prejudice to re-filing if they comply with the PA Order's requirements. *Id*.

These facts are addressed in further detail in the attached briefs. *See* Exh. 2 (Wells Fargo's memorandum); Exh. 3 (Claimants' response); Exh. 4 (Wells Fargo's reply).

                                Very truly yours,

                                */s/ Matthew A. Fitzgerald*
                                Matthew A. Fitzgerald

cc: All counsel of record (via CM/ECF)

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2023, the foregoing was filed with the Clerk of the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system, which will also serve counsel of record.

/s/ *Matthew A. Fitzgerald*
Matthew A. Fitzgerald