# Exhibit 1



# ORDER

Case Number: 01-22-0003-6161

Individual Consumers
-vs-
Wells Fargo & co.
Wells Fargo Bank, N.A.

Claimants filed and served a Motion to File Amended Claims and to Amend the October 27, 2022, and June 14, 2023, Orders. These are AAA Consumer cases. Pursuant to AAA Consumer Rule R-24, the arbitrator may consider a party's request to file a written motion only after the parties and the arbitrator conduct a conference call to attempt to resolve the issues that give rise to the proposed motion. A conference call was held with Process Arbitrator Anita Rae Shapiro, Claimants' Attorney Richard D. McCune and Respondents' Attorney Alicia A. Baiardo on August 15, 2023.

During the August 15th conference call, Claimants' Motion was deemed to be a request to File a Motion to Amend Claims and to Amend the October 27, 2022, and June 14, 2023, Orders. Claimants' written request to file this Motion was submitted on the pleadings and oral argument. The request to file a Motion to File Amended Claims is granted. Claimants may have until December 1, 2023, to either file and serve a new Motion to File Amended Claims or a statement that they wish their July 21, 2023, pleading to be the Motion. Respondents may have until December 11, 2023, or 10 days after service of the new Motion or notice that the July 21st Motion is the operative pleading, whichever is earlier, to file and serve an Opposition. Claimants may have until December 18, 2023, or 5 days after service of the Opposition, whichever is earlier, to file and serve a Reply.

Claimants' request to file a Motion to Amend the October 27, 2022, and June 14, 2023, Orders is denied. (AAA Consumer Rule R-24.)

The August 15th Order also contains another briefing schedule that was discussed during the conference call, Claimants had until August 22, 2023, to file and serve an explanation of the August 14, 2023, spreadsheets. Respondents had until September 22, 2023, to file and serve a request for any clarifying questions concerning the spreadsheets and a response to the four issues raised in Claimants' two-page August 14, 2023, letter. Claimants had until October 6, 2023, to file and serve a Reply to Respondents' Response. Although a deadline for a Sur-Reply was not included in the briefing schedule, Respondents filed and served a Sur-Reply to Claimants' Reply on October 13, 2023, and it has been read and considered with the other three pleadings. Claimant also filed and served another spreadsheet on September 13, 2023, with an explanation of each of its four columns.

Claimants have complied with the pleading requirements in the October 27, 2022, Order with respect to the claims included under "Order Compliant Cases" in the first sheet of the August 14, 2023, and September 13, 2023, spreadsheets and AAA may proceed to administratively appoint Merits Arbitrators as soon as Claimants' Attorney signs the September 13th spreadsheet as required by California Code of Civil Procedure Section 128.7.

Claimants have failed to comply with the pleading requirements in the October 27, 2022, Order for the rest of the Claimants for over a year. Claimants' request for a Preliminary Injunction in the Federal District Court challenging the Arbitrator's October 27th Order was denied. While the denial of the Preliminary Injunction has been appealed and that appeal is currently pending in the United States Court of Appeals for the Ninth Circuit, there is no stay in effect.

Consequently, the Claims in the second sheet, identified as "Amended Claim Cases," and third sheet, identified as "'Cases Still Working On" of the August 14, 2023, and September 13, 2023, spreadsheets of Claimants who allege they have qualifying Regulation E transactions but have not complied with the pleading requirements in the October 27th Order are Dismissed without Prejudice. Those Claimants may re-file Claims concerning qualifying Regulation E transactions in this Consumer Mass Arbitration on the condition that l) they comply with the three pleading requirements in the October 27th Order, and 2) Claimants' Attorney complies with the requirement of California Code of Civil Procedure Section 128.7. The invoicing of AAA fees is stayed for these refiled Claims until it is determined that the refiled Claims have complied with these two conditions.

The Process Arbitrator's authority is limited in MA-6(d) of the AAA Mass Arbitration Supplementary Rules to administrative issues and does not include the enforcement of discovery. Whether Respondent can or should be required to provide Claimants with their account records is within the jurisdiction of the Merits Arbitrator.

The August 14, 2023, and September 13, 2023, spreadsheets referenced in the Order are attached.

November 10, 2023　　　　　　　　　　_Anita Rae Shapiro_
　　　Date　　　　　　　　　　Hon. Anita Rae Shapiro, Arbitrator