# Exhibit 1


AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

## **ORDER**

Case Number: 01-22-0003-6161

Individual Consumers
-vs-
Wells Fargo & Co.
Wells Fargo Bank, N.A.

On July 29, 2022, when the Process Arbitrator was appointed in this Mass Arbitration, all the filed Claims beginning in April 2022, alleged that Respondents had been wrongfully charging overdraft fees in violation of Regulation E of the Electronic Fund Transfer Act. Beginning on September 27, 2022, Claims being filed began to allege unlawful Repeat Fees and APSN Transactions.

On December 1, 2023, Claimants ("Individual Consumers") filed their Motion to Amend Claims. It requested an order allowing the filing in this Mass Arbitration of Claims alleging six other kinds of unlawful fees charged by Respondents other than those in violation of Regulation E, which were the only alleged unlawful fees in Claims filed in this Mass Arbitration when it began in April 2022. This Motion has now been fully briefed.

Unfortunately, Claimants began filing cases alleging Respondents were unlawfully charging fees in violation of statutes other than Regulation E long before requesting an order allowing the amendment of Claims alleging the violation of Regulation E to allege other kinds of unlawful fees. Consequently, all cases alleging the violation of statutes other than Regulation E, including Repeat Fees and APSN Transactions, are dismissed without prejudice. Accordingly, all cases included in the spreadsheet columns titled "Amended Claim Cases" and "Cases Still Working On" in the August 14, 2023, and September 13, 2023, spreadsheets shall be closed as dismissed without prejudice.

Claimants' Motion to Amend Claims is granted for those cases in the "Order Compliant Cases" column in the August 14, 2023, and September 13, 2023, spreadsheets. Claimants have the right to sue Respondents for imposing other allegedly unlawful fees, in addition to those in violation of Regulation E. Before any new cases or refiled cases alleging one or more violations of any of the other six statutory violations can be filed, each claim must specifically plead 1) each Claimant's Wells Fargo account number or numbers for the account or accounts at issue, 2) the statute or statutes that Respondents violated and 3) facts sufficient to establish the violation of each of those statutes concerning that Claimant. The invoicing of AAA fees is stayed for all new and refiled cases until it is determined that they comply with these pleading requirements.

An attorney of record for Claimants is ordered to sign each new case or Amended Claim as required by California Code of Civil Procedure section 128.7. In lieu of signing each separate new case or amended Claim, one spreadsheet signed by an attorney of record for Claimants may be filed and served for all Claimants if it includes the ordered information for each Claimant.

Respondents have asked whether the AAA fees previously paid for cases that were dismissed without prejudice can be applied to the new fees due when those cases are refiled. The Process Arbitrator does not have the authority to respond to this question. It is a question that needs to be addressed to the American Arbitration Association's administration.

January 10, 2024
Date

_Anita Rae Shapiro_
Hon. Anita Rae Shapiro, Arbitrator